UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREG BEECHE LOGISTICS, LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SKANSKA USA BUILDING, INC., ) <br> WING INC. SPECIALTY TRADES and ) <br> RON MULCAHEY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 12-cv-11121-DJC |

## MEMORANDUM AND ORDER

CASPER, J.                                                                                          September 23, 2013

### I.   Introduction

Plaintiff Greg Beeche Logistics, LLC ("Beeche") brings this action against Defendants Skanska USA Building, Inc. ("Skanska"), Wing Inc. Specialty Trades ("Wing") and Ron Mulcahey ("Mulcahey") for claims arising out of a construction project to renovate the Secretariat Building at the United Nations headquarters in New York City (the "Project"). The United Nations, as the owner of the building, engaged Skanska as the construction manager for the Project, Skanska engaged Wing as a subcontractor on the Project to conduct demolition and other work on the Project, and Wing in turn subcontracted Beeche to provide scaffolding services for the Project. In its verified complaint against the Defendants, including Mulcahey, the owner and president of Wing, Beeche asserts contract, tort and federal and state statutory claims against the Defendants. D. 1 at 1. On October 30, 2012, Beeche moved for trustee process against "the monies and credits" of Wing held by Skanska in the amount of

1

$2,986,132.30 to satisfy any judgment that it may recover in this case. D. 17 at 1. The same day, Beeche also moved to attach certain property owned by Mulcahey in his company, Wing, and other property. D. 18 at 1. On November 1, 2012, Skanska moved to dismiss all of the eight claims asserted against it by Beeche in the verified complaint, namely Counts I (breach of contract), II (unjust enrichment), III (promissory estoppel), IV (intentional misrepresentation), VI (Mass. Gen. L. c. 93A claim), VII (negligent misrepresentation), IX (third-party beneficiary liability) and XII (RICO claim). D. 21.

On April 2, 2013, this Court referred the three pending motions to Magistrate Judge Boal for Report and Recommendation. D. 37. After a hearing held on June 19, 2013, D. 42, Magistrate Judge Boal issued a Report and Recommendation ("R&R"), dated June 26, 2013, on Skanska's motion to dismiss, D. 48, and a separate R&R on Beeche's motions for trustee process and attachment, D. 49. As to the dispositive motion, the R&R recommends that the Court grant in part and deny in the part Skanska's motion to dismiss. D. 48 at 1. As to Beeche's two pending motions, the R&R recommends that this Court deny its motion for trustee process, but grant in part and deny in part the motion for attachment. D. 49 at 1.

After having reviewed the two R&Rs and Beeche's objections to same and for the reasons set forth below, the Court ADOPTS and ACCEPTS IN PART the two R&Rs and grants certain relief as described in more detail below.

## II. Discussion

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court, pursuant to 28 U.S.C. § 636(b)(1), must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the parties have objected." Id.; see Fed. R. Civ. P. 72(b)(3).

2

### A. Addressing Beeche's Objections as to the R&R Regarding the Motion to Dismiss, D. 48

Post-Twombly and Iqbal, whether a complaint should survive a motion to dismiss depends upon whether the pleading satisfies the "plausibility" standard. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). As the First Circuit has made clear, "[i]n resolving a motion to dismiss, a court should employ a two-step approach." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 9 (1st Cir. 2011) (applying Iqbal and Twombly). "It should begin by identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[]' or '[t]hreadbare recitals of the elements of a cause of action.'" Id. at 12 (quoting Iqbal, 556 U.S. at 678) (further citation omitted). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. (quoting Iqbal, 556 U.S. at 680). The remaining "[n]on-conclusory factual allegations in the complaint must be then treated as true, even if seemingly incredible" and assessed to determine whether they, "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). If they do, "the claim has facial plausibility." Id. (quoting Iqbal, 556 U.S. at 678). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Id. (quoting Sepúlveda-Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)).

The R&R on the motion to dismiss recommended dismissal of all of the counts against Skanska, except for the breach of contract claim (Count I), although the magistrate judge recommended that only the portion of Count I that related to claims for extra work for which Skanska had promised to pay on May 27, 2011 and June 7, 2011 go forward and expressed some skepticism about the viability of even this portion of that claim. D. 48 at 24, 28. Beeche objects

to the limitation of Count I and the dismissal of the other counts against Skanska.  In its objections, Beeche also sought leave to amend its complaint to address the issues addressed by the magistrate judge and because there was no suggestion in the R&R that such amendment would be futile.  D. 54 at 21.  Since the filing of its objections, Beeche has also sought leave of court to file such amended pleading on two occasions, the last of which was accompanied by a First Amended Verified Complaint.  D. 59, 63, 65.  Skanska has opposed Beeche's motion for leave to do so, arguing that Beeche had failed to articulate any reason for its delay in seeking such amendment and that the amendment of any claims against it would be futile.  D. 62.[1]

Given the early (pre-discovery) juncture in this case, that the nature of the basis for the recommendation of dismissal of a number of the claims was insufficiency of the pleadings, and the principle under Fed. R. Civ. P. 15(a)(2) that the court "should freely give leave [to amend] when justice so requires," the Court shall APPROVE and ADOPT certain of the recommendations of the R&R, but will allow Beeche to amend its pleading as to Counts I (to the extent that this Count related to claims other than the claim for extra work identified above), III (promissory estoppel), IV (intentional misrepresentation), VII (negligent misrepresentation) and IX (third-party beneficiary liability).

The Court APPROVES and ADOPTS the R&R as to its recommendation to dismiss Counts III, IV, VII and IX and the portion of Court I (other than the claim for certain extra work) that the magistrate judge recommended for dismissal, but does so without prejudice.  This Court has reviewed the basis of Beeche's objections de novo, but notes that Beeche's objections turn

---

[1] The Court notes that the second of Beeche's motions for leave to amend its complaint is not ripe yet and, therefore, the time for Skanska to respond has not yet passed, but for reasons explained herein, the latter motion to amend is DENIED AS MOOT.  Moreover, the Court has considered Skanska's argument that granting Beeche leave to amend the complaint would reward undue or intended delay, D. 62 at 4, but the Court concludes that there was no such undue delay here where no scheduling conference has been set, discovery is not underway and no summary judgment motions have been filed.

largely upon its intention to amend the pleadings, particularly as to the claims that could turn upon a "privity-like" or special relationship that may arise out of particular factual circumstances (Count I, VII, IX) or an element of reliance (Counts III, IV and VII), or must be pled with particularity (Count IV).  Accordingly, this Court will not address the substance of the objections regarding these claims any further, but instead will dismiss these claims, not properly pled for the reasons articulated in the R&R, without prejudice and allow Beeche leave to amend its complaint and filed its Amended Verified Complaint.

The Court APPROVES and ADOPTS the R&R to dismiss Count VI, the c. 93A claim, with prejudice.  The Court agrees with the magistrate judge that Beeche has failed to allege a plausible basis for this claim where there is no allegation that any unfair or deceptive acts occurred primarily and substantially within Massachusetts; i.e., the center of gravity of the circumstances that gives rise to the claim is not in the Commonwealth.  D. 48 at 7 (citing Mass. Gen. L. c. 93A, § 11).  Moreover, given the pleading and the nature of Beeche's objections regarding the circumstances giving rise to this particular claim, D. 14-15, and Beeche's various other claims against Skanska and the other defendants here, the Court does believe it would be futile to give Beeche leave to amend this claim.  Accordingly, Count VI, the c. 93A claim, is DISMISSED with prejudice.

The Court APPROVES and ADOPTS the R&R to dismiss Count XII, the RICO claim against Skanska, with prejudice.  The Court agrees with the magistrate judge's legal analysis and reasoning in recommending dismissal, pointing not only to Beeche's failure to plead the facts underlying this civil RICO claim with particularity, but also its failure to allege sufficient facts to show a pattern of racketeering activity or the existence of an enterprise (here, an association-in-fact) distinct from the entities or persons named as the RICO defendants.  D. 48 at 21.  The

magistrate judge also concluded that Beeche had failed to allege sufficient facts to state a viable RICO conspiracy claim, including but not limited to its failure to allege a distinct enterprise. Id. Nothing about the record presently before the Court or Beeche's objections (including the cases cited in those objections, D. 54 at 18-19) warrant a different outcome.  Moreover, the Court does conclude that allowing Beeche to amend this claim would be futile.  Even assuming sufficient pleading of criminal conduct here (as the magistrate judge assumed in her analysis, D. 48 at 19), RICO is not aimed at a single effort to commit crime, or even separate parts of a single criminal episode, but a pattern of related predicate acts that amount to or pose a threat of continued criminal activity.  See Efron v. Embassy Suites (Puerto Rico), 223 F.3d 12, 15 (1st Cir. 2000). Beeche's allegations against Skanska, or even its characterization of same as between Skanska and Wing, do not suggest a sufficient factual basis for this claim. D. 54 at 19.  Accordingly, this Court dismisses Count XII with prejudice.

The Court declines to adopt the recommendation to dismiss Count II, the unjust enrichment claim, against Skanska.  Given the magistrate judge's skepticism about Beeche's breach of contract claim against Skanska, who was not a signatory to the Wing/Beeche subcontract upon which the contractual claim rests, a claim against Skanska for unjust enrichment or quasi contract against Skanska should be allowed to stand and proceed forward through discovery.  Accordingly, Count II, the unjust enrichment claim, shall stand.

**B. Addressing Beeche's Objections as to the R&R Regarding its Motions for Trustee Process and Attachment, D. 49**

As an initial matter, the Court notes that Beeche objected to the R&R regarding the resolution of its motion for trustee process, but not as to its recommendations regarding its motion for attachment. D. 55 at 3.  Accordingly, this Court shall APPROVE and ADOPT the R&R as to its recommendations to grant in part and deny in part that latter motion for attachment

and now turns to address Beeche's objections to recommendation to deny the motion for trustee process.

Beeche objects to the R&R regarding the resolution of the trustee process on the grounds that it was premised on two flawed factual findings: 1) that the pending Middlesex Superior Court action brought by Century Bank and Trust Company (the "Bank") against Wing, Mulcahey and others for breach of contract and related claims arising out of the breach of certain loan agreements, <u>Century Bank and Trust Company v. EWT Fireproofing, Inc. et al.</u>, Docket No. MICV 2012-02335 (Middlesex Superior Court, filed June 22, 2012) was filed before this federal action; and 2) even if the Bank can reach and apply assets to satisfy the debts of Wing to the Bank, it was erroneous for the magistrate judge to find that the Middlesex Superior Court had "possession, custody or control" of the assets of Wing. D. 55 at 2.

The Court notes that neither Wing nor Mulcahey have filed oppositions to either motion and this Court has earlier entered default against both Defendants. D. 15. Skanska argued that the Court should not grant the relief sought because the Middlesex Superior Court has prior exclusive jurisdiction of the funds and credits of Wing in the possession of Skanska that Beeche now seeks to attach. D. 49 at 6 (citing D. 26 at 6-8).

This Court agrees with the magistrate judge that "the doctrine of prior exclusive jurisdiction bars one court from ordering the execution of a judgment against property in the possession of another court." D. 49 at 7 (quoting <u>Beane v. MII Techs., LLC</u>, 848 F. Supp. 2d 138, 141 (D.N.H. 2012). In this case, Beeche seeks monies and credits of Wing in the possession of Skanska; the subject matter of the state action concerns the Bank's action against Wing and others and Skanska is named as a reach and apply defendant since the Bank sought a restraining order that all funds owed and payable to Wing and the other defendants by Skanska

"be held in escrow until Judgment is entered against the Defendants on the direct subject matter of this case so that the subject funds can then be used to satisfy the Judgment…." D. 26-2 at 7 (complaint in Middlesex Superior Court action). In the state action, the Bank's motion for preliminary injunction against Skanska was withdrawn by agreement, D. 26-1 at 8, and Skanska agreed to hold any such funds in escrow as a reach and apply defendant in that action to be used to satisfy any judgment. D. 26-5 at 2-3. Since the entry of the R&R, Beeche, the plaintiff here and now also an intervenor in the Middlesex Superior Court action (D. 26-3; D. 26-1 at 8), has filed two supporting affidavits, both from Attorney Wolfe, counsel for Beeche in both matters. D. 56, 61. The second of these two affidavits attaching the transcript of a July 16, 2013 status conference in which the presiding justice in the Superior Court indicated that tribunal's position that it was taking no action to marshal any of the assets of Wing. D. 61 at 15. Beeche suggests that the import of this position is that the assets of Wing in Skanska's possession (or rather the monies owed by Skanska to Wing which the state action seeks to have Skanska hold in escrow pending resolution of the Bank's case against Wing and the others) are not under the prior exclusive jurisdiction of the state court and, therefore, should not bar Beeche's motion for trustee process. However, neither this transcript nor the Superior Court's position regarding same was before the magistrate judge before the issuance of the R&R.

Although the Court agrees with the magistrate judge's analysis based upon the record then before her, this Court adopts the recommendation as to this motion and DENIES the motion for trustee process WITHOUT PREJUDICE. Since Beeche's post-R&R filings amount to a motion to reconsider in light of newly discovered evidence, the Court will give Beeche leave to file a motion for reconsideration as to this motion and, upon such filing, this Court shall refer any such motion to reconsider to the magistrate judge.

**III.     Conclusion**

For the foregoing reasons, the Report and Recommendation, D. 49, regarding Beeche's motions for trustee process and attachment is ADOPTED and ACCEPTED IN PART in accordance with this Memorandum and Order.  Accordingly, Beeche's motion for trustee process, D. 17, is DENIED WITHOUT PREJUDICE in accordance with this Memorandum and Order.  However, given Beeche's filings after the issuance of the R&R that the magistrate judge did not have the opportunity to consider, this Court will give Beeche two weeks from the entry of this Order to file a motion for reconsider of its motion for trustee process.  If it chooses to file such motion, this Court will refer that motion to Magistrate Judge Boal for consideration.  Beeche's motion for attachment is DENIED in part and ALLOWED in part as recommended in the R&R.

For the foregoing reasons, the Report and Recommendation, D. 48, regarding Skanska's motion to dismiss is ADOPTED and ACCEPTED IN PART in accordance with this Memorandum and Order.  Accordingly, the portion of Count I (breach of contract) that related to Skanska's promise to pay for certain extra work and Count II (unjust enrichment) will stand; Counts I (the remaining portions that the magistrate judge recommended for dismissal), III (promissory estoppel), IV (intentional misrepresentation), VII (negligent misrepresentation), IX (third-party beneficiary liability) are DISMISSED WITHOUT PREJUDICE; and Counts VI (c. 93A claim) and XII (civil RICO claim) are DISMISSED WITH PREJUDICE.  Also, in accordance with this Memorandum and Order, Beeche's motion to amend its complaint (asserted in its objections and in D. 59[2]) is ALLOWED only to the extent that it seeks to reassert Counts I (the portions of which were not recommended for dismissal) and II and amend its pleadings as to

---

[2] Given this Court's allowance now of D. 59, Beeche's original motion to amend the complaint, D. 63, its second motion to amend is DENIED AS MOOT.

Counts I (the portions of which were recommended for dismissal), III, IV, VII and IX.  Beeche shall have 21 days from the date of this Order to file an Amended Complaint.  The Court notes that any such amended pleading must still comply with Fed. R. Civ. P. 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

    **So ordered.**

    /s/ Denise J. Casper
    United States District Judge