UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
GREG BEECHE LOGISTICS, LLC                  )
                                            )
        Plaintiff,                          )
                                            )   Civil Action No. 12-11121-DJC
v.                                          )
                                            )
SKANSKA USA BUILDING, INC., et al.          )
                                            )
        Defendants.                         )
_____)

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER DATED SEPTEMBER 23, 2013
<u>DENYING WITHOUT PREJUDICE TRUSTEE PROCESS ATTACHMENT</u>
[Docket No. 73]

May 19, 2014

Boal, M.J.

This action arises from a construction project to renovate the Secretariat building at the United Nations Headquarters in New York City. Plaintiff Greg Beeche Logistics, LLC ("Beeche") moved for an order attaching the monies and credits of defendant Wing Inc. Specialty Trades ("Wing") in the possession of defendant Skanska USA Building, Inc. ("Skanska"), which the District Court denied without prejudice. Docket No. 72. Before the Court is Beeche's motion for reconsideration of the order denying without prejudice the trustee process attachment. Docket No. 73.[1] For the following reasons, this Court recommends that the District Court deny the motion.

---

[1] The District Court referred the motion to the undersigned on October 21, 2013. Docket No. 86.

-1-

I. FACTUAL AND PROCEDURAL BACKGROUND

   A. The Action Before This Court

Beeche filed this action on June 22, 2013. Docket No. 1. The subject matter of the Complaint is a construction project to renovate the Secretariat Building at the United Nations Headquarters in New York City (the "Project"). The United Nations, as owner, contracted with Skanska to act as construction manager for the Project under a Guaranteed Maximum Price Contract (the "Management Agreement"). Amended Complaint at ¶ 58 and Ex. 1.

On or about October 14, 2009, Skanska entered into a subcontract with Wing in which Wing agreed to perform demolition and other services to Skanska for a fixed fee (the "Skanska/Wing Agreement"). Amended Complaint at ¶¶ 125, 128-133 and Ex. 2. Wing then entered into a subcontract with Beeche on February 25, 2010 to provide scaffolding services to the Project (the "Wing/Beeche Agreement"). Amended Complaint at ¶ 154.

Beeche alleges that the Defendants made a number of misrepresentations to Beeche or concealed material information from Beeche in connection with the Project. Beeche has brought, inter alia, claims for breach of contract, fraud, and negligent misrepresentation.[2]

On September 25, 2012, Beeche and Skanska filed a joint stipulation whereby they agreed, in relevant part, that "Skanska will make no payments in the future directly to [Wing] in

---

[2] The original Complaint also contained claims for unfair or deceptive practices and RICO violations. The District Court dismissed those claims with prejudice on September 23, 2013. Docket No. 72. The District Court also dismissed most of Beeche's remaining claims against Skanska but granted Beeche leave to file an Amended Complaint to attempt to cure the Complaint's deficiencies. Id. Beeche filed and Amended Complaint on October 10, 2013. Docket Nos. 75-81. Concurrently with this opinion, the Court has issued a report and recommendation to the District Court recommending that the District Court strike the Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Docket No. 100.

the absence of a written agreement between Beeche and Skanska or an ORDER of this Court or any other court of competent jurisdiction." Docket No. 14. The stipulation also referred to the Middlesex Superior Court Action (defined below) and stated that in that action Skanska had agreed not to make any payments directly to Wing unless so ordered by the Superior Court.

On October 11, 2012, the Clerk in this action entered a notice of default against Wing and Mulcahey. Docket No. 15. Beeche filed a motion for a trustee process attachment on the monies and credits of Wing in the possession of Skanska on October 30, 2012. Docket No. 17. This Court recommended that the District Court deny the motion. Docket No. 49. On September 23, 2013, the District Court denied without prejudice Beeche's motion for a trustee process attachment. Docket No. 72 at 9. The District Court, however, gave Beeche two weeks to file a motion for reconsideration based on filings Beeche made after the issuance of the R&R that this Court did not have an opportunity to consider. Id.

Beeche filed the instant motion for reconsideration on October 1, 2013. Docket No. 73. Skanska filed an opposition on October 15, 2013. Docket No. 82. Neither Wing nor Mulcahey have filed an opposition to Beeche's motion or made any appearances in this case. The Court heard oral argument on May 14, 2014.

B.  The Middlesex Superior Court Action

On June 22, 2012, Century Bank, a secured lender to Wing, filed an action in Massachusetts Superior Court, Middlesex County, against Mulcahey, Wing, and EWT Fireproofing, Inc. (the "Middlesex Superior Court Action"). See Docket No. 26-1. Century Bank alleged that the defendants entered into a series of loan agreements with it whereby they were extended loans totaling $990,443.25 by Century Bank. See Docket No. 26-2 at 3.

Defendants Wing and EWT also entered into security agreements and Mulcahey granted Century Bank a mortgage on his real property to secure the loans. Id. Century Bank alleged that the Defendants breached the agreements. See generally Docket No. 26-2.

On July 3, 2012, Century Bank obtained a preliminary injunction against defendants Wing, Mulcahey and EWT from further encumbering, alienating or conveying assets given as security to Century Bank and to surrender those assets. See Docket No. 26-1 at 7. Century Bank amended the Complaint on July 6, 2012 to add Skanska as a reach and apply defendant. See Docket No. 26-2. Century Bank claims a security interest and entitlement to "funds owed by Skanska" to Wing. See Docket No. 26-2 at 4.

On August 27, 2012, Beeche filed a motion to intervene in the Middlesex Superior Court Action "for the limited purpose of opposing [Century Bank's] Motion for Preliminary Injunction [against Skanska] as it relates to funds due to Wing . . . from Skanska . . . Said funds are to be held in trust by [Wing] for the benefit of [Beeche] as subcontractor of [Wing] pursuant to New York Lien Law, Art. 3A §§ 70, 71, 72 and 79-A." See Docket No. 26-3. Beeche's motion to intervene was allowed on September 4, 2012. See Docket No. 26-1 at 8.

On September 7, 2012, Skanska filed an Answer in the Middlesex Superior Court Action in which Skanska stated in paragraph 38:

> Skanska denies that it is in possession of funds due to . . . Wing . . . By way of further answer, Skanska states that the Wing entities are in default of their respective subcontracts with Skanska, that unpaid balances on the Wing entities' subcontracts are subject to the so-called New York Trust Fund Statutes . . . and no further funds are due to any of the Wing entities as a result.

Docket No. 26-4 at 3-4.

Skanska and Century Bank came to an agreement resulting in the withdrawal of Century

Bank's motion for preliminary injunction against Skanska. See Docket No. 26-1 at 8. Under their agreement, Skanska agreed that it would make no further direct payments to Wing and that Wing's three subcontractors (including Beeche) were entitled to direct payments under the New York Trust Fund Statute. Docket No. 26 at 4, Docket No. 26-5.

On February 6, 2013, the Superior Court entered judgment, pursuant to Rule 54(b) of the Massachusetts Rules of Civil Procedure,[3] against EWT, Wing, and Mulcahey, jointly and severally, in the amount of $920,203.18. See Docket No. 33.

On July 16, 2013, after this Court's opinion on Beeche's motion for a trustee process attachment was issued, the Superior Court held a status conference. At the status conference, Beeche's counsel represented to the Superior Court Judge that Skanska and this Court have taken the position that the Superior Court is marshaling the assets of Wing. See Docket No. 61 at 10, 14. In response to those representations, the Superior Court Judge stated that he was not taking any action to marshal any of the assets of Wing. Id. at 10, 16, 15.[4]

## II. ANALYSIS

This Court previously found that the District Court should deny Beeche's motion for a trustee process attachment based on the doctrine of "prior exclusive jurisdiction." Docket No. 49 at 6-7. The doctrine of prior exclusive jurisdiction bars one court from ordering the execution of a judgment against property in the possession of another court. Beane v. MII Techs, LLC, 848

---

[3] Like Rule 54(b) of the Federal Rules of Civil Procedure, Rule 54(b) of the Massachusetts Rules of Civil Procedure allows a Court to enter final judgment as to one or more but fewer than all of the claims or parties upon an determination that there is no just reason for delay. Mass. R. Civ. P. 54(b).

[4] At the May 14, 2014 oral argument, the parties reported that no action had taken place before the Superior Court.

F. Supp. 2d 138, 141 (D.N.H. 2012) (citations omitted). "[T]he doctrine 'is not restricted to cases where property has been seized under judicial process before the second suit is instituted, but applies as well where suits are brought to marshal assets . . . and in suit of a similar nature where, to give effect to its jurisdiction, the court must control the property.'" Id. (citing Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939)).

This Court found that the Superior Court had control over the funds and credits possessed by Skanska, as a reach and apply defendant in the Middlesex Superior Court action. Docket No. 49 at 7. The Middlesex Superior Court will have to determine whether Century Bank can reach those funds to satisfy Wing's debt to Century or whether they cannot be reached because they are subject to New York's lien law.[5]

Beeche argues that the Superior Court Judge's statement that he was not taking any action to marshal the assets of Wing means that the assets of Wing in Skanska's possession are not under the prior exclusive jurisdiction of the Superior Court and, therefore, should not bar Beeche's motion for a trustee process attachment. Docket No. 74 at 5.

Beeche is incorrect. This Court never found that the Superior Court was marshaling

---

[5] New York Lien Law, §§ 70-79a, generally known as "Article 3-A," "is a New York statute designed to protect subcontractors, tax collectors, and parties who expend labor or extend financing in construction projects, by impressing with a trust any funds paid to a contractor or received by an owner in connection with an improvement of real property in the state." Interworks Sys., Inc. v. Merchant Fin. Corp., 604 F.3d 692, 695 (2nd Cir. 2010) (citations omitted). An Article 3-A trust arises automatically by operation of law when fees are paid to the contractor or received by the owner in connection with an improvement of real estate. Id. Until all trust beneficiaries are paid, it is an unlawful diversion of trust fund assets for the contractor or owner to use any of the trust fund assets for any purpose other than to satisfy the claims of beneficiaries. Id. (citations omitted). If the contractor or owner unlawfully diverts the trust assets before a trust beneficiary is satisfied, that beneficiary may recover the trust assets from anyone who has received them with knowledge of their trust status. Id. at 696.

Wing's assets. Therefore, Beeche's report to the Superior Court was inaccurate and the Superior Court Judge's statements do not change this Court's analysis. This Court simply found that the Superior Court had prior jurisdiction to hear and determine all of the claimants' positions, including Century which is not a party here, with respect to funds held by Skanska. Docket No. 49 at 7. That remains true.

Pursuant to the Massachusetts reach and apply statute, M.G.L. c. 214, § 3(6), a creditor may "reach and apply" a debtor's interest in property that cannot otherwise be executed against in an action at law. To obtain relief, a plaintiff must file a complaint against both the principal defendant and any third party who possesses property of, or owes a debt to, the principal defendant. Iantosca v. Benistar Admin. Servs., Inc., 843 F. Supp. 2d 148, 152 (D. Mass. 2012).

The reach and apply statute "combines in a single procedure two different matters or steps in procedure, one at law and the other in equity." Id. (quoting Stockbridge v. Mixer, 215 Mass. 415, 418 (1913)). The first step is in the nature of an action at law and requires the plaintiff to establish the debt owed by the principal defendant to the plaintiff. Id. The $920,203.18 default judgment against Wing in the Middlesex Superior Court Action establishes the necessary debt from Wing to Century.

"The second step involves the process of satisfying the debt . . . out of the property held by one who owes a debt to the principal defendant." Trustees of the Iron Workers Dist. Council of New England Pension v. Baldwin Steel Co., Inc., No. 00CV10686, 2001 WL 1555539, at *4 (D. Mass. Aug. 13, 2001) (citation omitted). The referenced property in this instance are the monies which Skanska may owe to Wing. In the Middlesex Superior Court Action, Century seeks to reach and apply those funds as a secured creditor of Wing. Therefore, the Superior

Court will have to determine whether those funds can be reached by Century to satisfy Wings' debt to it, including whether the funds cannot be reached because they are subject to New York lien law. Beeche has intervened in the Superior Court Action and it will have an opportunity to contest Century Bank's claimed interest and right to the funds in that action. Accordingly, the Court finds that the new evidence presented by Beeche does not support a different result.[6]

III. RECOMMENDATION

For the foregoing reasons, I recommend that the District Court DENY Beeche's motion for reconsideration.

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's

---

[6] In its motion for reconsideration, Beeche seems to suggest that the Court's prior decision was also incorrect because both this case and the Middlesex Superior Court action were filed on the same day. Docket No. 74 at 1-2. However, the District Court allowed Beeche to file a motion for reconsideration based only on the submission of evidence that was not before this Court at the time of its decision. Docket No. 72 at 8. In any event, although the cases were filed on the same day, Beeche did not file its motion for trustee process attachment in this Court until October 30, 2012, more than four months after filing this action and more than one month after intervening in the Middlesex Superior Court Action.

-8-

order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge